IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY JOHNSON, ) | CASE NO. 1:03 CV 2509 |
| ) | |
| Petitioner, ) | JUDGE LESLEY WELLS |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| ) | |
| MARGARET BRADSHAW, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Respondent. ) | **ORDER** |

## I.  Introduction

Before the Court is petitioner Anthony Johnson's second motion for leave to amend his habeas petition.[1] Johnson's first motion for leave to amend[2] was denied by the Court without prejudice because it did not include a proposed amended petition.[3]

A proposed amended petition now accompanies the present motion for leave. The state opposes the motion.[4]

## II. Facts

Johnson was convicted in Ohio court of five counts of aggravated robbery, one count of kidnapping, four counts of receiving stolen property with a firearm specification, four

---

[1] ECF # 26.

[2] ECF # 20.

[3] ECF # 25.

[4] ECF # 27.

counts of possessing a weapon while under disability and one count of being a repeat violent offender.[5] He timely appealed these convictions to the state appellate court[6] and subsequently with the Ohio Supreme Court.[7] He did not petition the United States Supreme Court for a writ of certiorari.[8]

While his direct appeal was pending, Johnson sought various post-conviction remedies.[9] Ultimately, his petition for a new trial and subsequent appeals were denied, the last ruling by the Ohio Supreme Court coming on March 24, 2004.[10] The AEDPA one-year statute of limitations began on June 24, 2004 – the last date Johnson could have petitioned the United States Supreme Court for a writ of certiorari.[11]

Johnson's original petition for federal habeas relief was filed on December 8, 2003,[12] and his motion to amend that petition was filed on June 8, 2004.[13]

---

[5] ECF # 15 at 9-10.

[6] *Id.* at 10.

[7] *Id.* at 11.

[8] *Id.*

[9] *Id.* at 11-12.

[10] *Id.* at 12-13.

[11] *Id.* at 14.

[12] ECF # 1.

[13] ECF # 20.

Johnson, a pro se petitioner, originally proffered three grounds for relief, all of them substantially the same as were argued in his state appeal.[14]

In its response, filed May 21, 2004, the State of Ohio recognized that the first claim for habeas relief was fully presented and exhausted before the Ohio courts.[15] However, the state asserted that ground two, particularly in its claim that witnesses were coached, was not fully presented to the state court and so was procedurally defaulted.[16] Further, it contended that ground three was not cognizable in a federal habeas proceeding.[17]

Apparently, Johnson now seeks to remedy what the state identified as problems with the original petition. Johnson's amended petition drops the third ground for relief and recasts the second by removing any assertion of witness coaching.[18]

The state now claims that in so seeking to amend his petition, Johnson has put himself on the horns of a dilemma. Either Johnson must assert clearly new and different factual grounds for his claim that his conviction is not supported by sufficient evidence, thus risking a default for not presenting that new claim first to the state court, or Johnson's proposed amendment is no more than a restatement of his original petition.[19]

---

[14] *Id*. at 4-5.

[15] ECF # 15 at 16.

[16] *Id*.

[17] *Id* at 25.

[18] ECF #27 at 5.

[19] *Id.* at 2.

### III. Analysis

A decision to permit an amendment to a federal habeas petition is governed by Federal Rule of Civil Procedure 15.[20] As the rule itself makes clear, leave to amend is to be freely granted when justice so requires.

In determining the circumstances when justice so requires leave to be granted, courts consider factors such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."[21]

The grant or denial of a motion for leave to amend is "within the sound discretion of the District Court, and will be reversed only for abuse of discretion."[22]

This Circuit has long upheld the view that Rule 15 amendments seek to ensure that cases are decided on their merits and not on "the technicalities of pleadings."[23]

Here, the state initially argues that Johnson's proposed amended petition does not substantively amend the original petition.[24] As such, the state maintains that "there is no need" for any amendment.[25]

---

[20] *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978)

[21] *Oleson v. United States,* 27 F. App'x 566, 569 (6th Cir. 2001) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

[22] *Coe*, 161 F.3d at 341.

[23] *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

[24] ECF # 27 at 2.

[25] *Id.* at 3.

Moreover, the state maintains that if Johnson is seen as presenting anything new, such new claims are time-barred by the AEDPA one-year statute of limitations.[26] The state here relies upon the clear teaching of *Mayle v. Felix*[27] that habeas petitioners may only amend petitions beyond any statute of limitations where that amendment involves the same "conduct, transaction or occurrence" as the original petition and so would relate back to the original filing.

In resolving a dispute among the Circuits as to when a proposed amendment to a habeas petition involves the same "conduct, transaction or occurrence" as the original petition, the Supreme Court held in *Mayle* that "[s]o long as the original and amended petition state claims that are tied to a common core of operative facts, relation back will be in order."[28]

In this regard, the *Mayle* court noted that an amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[29]

Here, Johnson originally claimed in his second ground for relief that "the evidence presented at trial was prejudicially presented and the victims where (sic) coached by the

---

[26] *Id.* at 4.

[27] *Mayle v. Felix,* __ U. S. __, 125 S. Ct. 2562 (2005).

[28] *Id.* at 2574.

[29] *Id.* at 2566.

authorities."[30] In his proposed amendment, he states for his second ground that "the evidence was presented that was unsupported by factual events and was deliberately tainted to mislead the judge and obscure the facts surrounding the crime itself."[31]

The state admits that 'the grounds are similar."[32] However, it asserts, without more, that they "must be read as factually different" in order to create a "meaningful change between his [Johnson's] original petition and his requested amended petition."[33]

The state is correct in noting the difficulties inherent in Johnson's restated second claim. Its factual assertion that evidence was "deliberately tainted" is very close to his original claim that the trial evidence was "prejudicially presented."

But, by the proposed amendment, Johnson deletes the specific claim that witnesses were coached, which the state originally highlighted as procedurally defaulted for not being presented during the state appeals. Plainly, eliminating an element of the claim that has been objected to as procedurally defaulted must be considered a "meaningful change," notwithstanding the state's characterization to the contrary.

While Johnson may well remain subject to a repeat invocation by the state of its claim that this ground is procedurally defaulted, it appears that he has presented in this amendment

---

[30] ECF # 1 at 4.

[31] ECF # 26 at 5.

[32] ECF # 27 at 4.

[33] *Id*. at 5.

a sufficient statement of his claim that relates back in time and type to the "conduct, transaction or occurrence" forming the original ground for relief to be accepted.

Furthermore, Johnson seeks to drop his third ground for relief altogether by the amendment. Amendment of the complaint is the proper procedure for dropping a claim asserted in the original complaint.

Moreover, the Court finds after considering the factors articulated in *Oleson*[34] that the interests of justice support permitting the amendment.

## IV. Conclusion

Accordingly, petitioner Anthony Johnson's motion to amend his petition for habeas relief in the form submitted is hereby granted and the proposed amendment is ordered accepted.

IT IS SO ORDERED.

Dated: January 26, 2006                  s/ William H. Baughman, Jr.
                                                                         United States Magistrate Judge

---

[34] *Oleson*, 27 F. App'x at 569.